## SUPREME COURT.

Thomas Williams, respondent agt. Samuel Fowler and Francis B. Wallace, impleaded, &c., appellants.

Where a *bond and mortgage* was given on real estate for $10,000, payable in one year without interest, for the purpose of raising a loan of money, and it was agreed that the mortgagees instead of giving the money thereon should give their three several promissory notes at six months for the aggregate sum of $10,000, also without interest, and upon the receipt of which the mortgagor gave the mortgagees $500 as compensation for the advance or exchange of the notes for the mortgage,

*Held*, on foreclosure of the mortgage, that judgment be entered declaring the bond and mortgage *usurious*, and dismissing the complaint with costs.

*Poughkeepsie General Term, September,* 1861.

*Before* LOTT, BROWN, EMOTT and SCRUGHAM, *Justices.*

APPEAL by defendants from a judgment at special term entered on report of a referee.

WM. FULLERTON and RAYMOND & KNOX, *for appellants.*

J. M. VAN COTT and BUCKHAM, CADY & SMALES, *for respondent.*

By the court, EMOTT, Justice. The facts upon which this case turns are few, and so far as they are material to the question which it presents, they are undisputed.

The defendant, Samuel Fowler, in August, 1855, applied to one John B. Murray, a broker in New York, for a loan of money to the amount of ten thousand dollars. He was told by Murray that this amount in cash could not be obtained upon the securities which he had to offer, being a mortgage upon the property now in controversy; but that in lieu of cash, notes or obligations, payable at a future day, might be obtained for such a mortgage, these notes could be sold or discounted immediately, and thus the cash, which was the object of the loan, obtained. Fowler assented to this arrangement, and the negotiation resulted in his giving the bond and mortgage for the foreclosure of which this action is brought by the plaintiff, to whom it has been assigned, and which is dated August 1st, 1855, and is conditioned for the payment of $10,000 in one year, without interest, and receiving from James W. Elwell & Co., to whom it was made, their notes for this amount of ten thousand dollars, payable in six months from the 4th, 6th and 9th of August, 1855, also without interest, and at the same time paying Elwell & Co. five hundred dollars as compensation for the advance or exchange of these notes for the mortgage. I state the facts as they are reported by the referee and agreed to by the plaintiff. It was contended at the trial, and there was some evidence to sustain the

allegation, that the compensation paid to Elwell was one thousand and not five hundred dollars. I agree in the conclusion of the referee, however, upon this point, and as I have already observed, I consider the difference immaterial to the decision of the case. Unless the transaction out of which this mortgage grew can be sustained as something else than a loan of money, and as not within the usury statutes, it must vitiate the securities now in dispute, whether the price paid Elwell was five hundred or a thousand dollars. Either sum was more than the lawful interest upon the amount of his notes, from the time they were payable and were paid by him, until the mortgage was due.

The counsel for the plaintiff contends that this was a "loan of credit" for six months, and a loan of money for six months more, and that five per cent. in all was less instead of more than the lender might legally have taken. I apprehend that such an expression cannot be predicated of the exchange of the lender's own promise to pay money for the obligation of the borrower, and where the object is to borrow or raise money. Indeed, the acute and searching criticisms of Judge GARDINER, in the *Dry Dock Bank* agt. *The American Life Insurance Co.*, (3 *Comst.*, 344,) and of Judge SELDEN, in *Schermerhorn* agt. *Talman*, (4 *Kern.*, 93,) have pretty effectually shown the incorrectness of the expression "loan of credit" in any case. A man may give his credit to another without compensation, he may become his guarantor or his surety, or he may promise to pay his debt, without requiring or receiving any compensation or equivalent, beyond the obligation imposed by law on the other party to repay him any amount which he may be compelled to pay, in consequence of the responsibility which he assumes. But he may also exact and receive compensation for assuming such a responsibility and risk of payment of another's debt as his indorser, guarantor or otherwise, and this is selling his credit.

It is unnecessary to discuss, because it is unnecessary to

determine here, whether giving one's own note or obligation in return for the note or obligation of another can ever be regarded as a sale of credit. This case presents unequivocally a loan. It was the declared and known object of Fowler to borrow money. He obtained notes payable in six months, which he could dispose of and convert into money at once, and he gave an obligation payable in a year, when he expected to repay the makers of the notes, who would then be the lenders of the money. The referee states the transaction correctly and distinctly to be a loan. He finds that the notes were loaned for the mortgage, and the five hundred dollars paid as compensation for their loan. The notes were loaned and taken as money, and in the place of money, and were substituted for money by the agreement of the parties.

Upon such a transaction the respective obligations of the parties must be estimated at their nominal value, that is, at the value which they import by their terms. The notes of the lenders were equivalent to a loan or advance of the money payable by them, at the time when they were due. All which they had a right to exact or receive for the advance of these notes, as and in lieu of money, was interest at seven per cent. from the time when they would be compelled or be liable to pay them, until the maturity of the obligation which they received for them, and by which the borrower was bound to repay them the amount of the advance thus made. By the terms of these securities, this would have been about six months; and as the amount was ten thousand dollars, the interest or compensation for the advance would have been about three hundred and fifty dollars. The defendant's bond and mortgage did not provide for the payment of this or any other compensation, but simply for the repayment, after a year from its date, of the amount which Elwell & Company were to advance, and did advance in six months. But Elwell & Company demanded and received as a part of the transaction, and as

a compensation for what the referee calls a loan of their notes, the sum of five hundred dollars. That is, for agreeing to lend, and performing their promise by lending Fowler ten thousand dollars for the period of six months, they received five hundred dollars. I am unable to call such a transaction by any other name than usury.

In my opinion this judgment should be reversed, and a judgment entered declaring this bond and mortgage usurious, and dismissing the complaint with costs to the appellants; or if the plaintiff desires, he may have a new trial, with costs to abide the event.

All the judges concurred.